# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE UNDERWOOD, | : | Civil No. 1:19-CV-01803 |
| Petitioner, | : | |
| v. | : | |
| WARDEN SCOTT FINLEY, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

This is a habeas corpus case in which Petitioner Dwayne Underwood ("Underwood") challenges the Pennsylvania Board of Probation and Parole's alleged failure to hold a parole revocation hearing. Because the board has now conducted a parole revocation hearing, the petition is denied as moot.

### BACKGROUND AND PROCEDURAL HISTORY

In 1994, Underwood was sentenced in Pennsylvania state court to a term of imprisonment of 1–15 years. (Doc. 6 at 1.)[1] He was released on parole on April 15, 1998 to the supervision of the Pennsylvania Board of Probation and Parole. (*Id.* at 1–2.) Underwood was then arrested for assault and possession of a controlled substance on May 18, 1999, and released on bail while awaiting prosecution. (*Id.* at 2.) While out on bail, he was arrested on federal charges for

---

[1] The procedural history in this section is primarily derived from Underwood's petition and the supplement to his petition. (*see* Docs. 1, 6.) Neither respondent contests the accuracy of Underwood's statements regarding procedural history. (*See* Doc. 9 at 3; Doc. 10 at 1.)

1

which he was eventually found guilty and sentenced to twenty-two and a half years in prison. (*Id.*) He was accordingly committed to federal detention, at which point the Pennsylvania Board of Probation and Parole placed a detainer on him. (*Id.*)

While in federal custody, Underwood repeatedly requested that the Pennsylvania Board of Probation and Parole provide him with a parole revocation hearing, but the board refused, stating that he would not be granted a hearing because he was in federal custody and therefore could not complete his state sentence. (Doc. 1 at 10.)

On October 17, 2019, Underwood filed the instant habeas corpus petition to challenge the board's continued refusal to conduct a parole revocation hearing. (Doc. 1.) Underwood was released from federal custody on December 17, 2019. (Doc. 6 at 3.) The Pennsylvania Board of Probation and Parole then conducted a parole revocation hearing on February 21, 2020, and issued a decision on May 8, 2020, revoking Underwood's parole. (Doc. 6 at 4; Doc. 10 at 3.)

On May 15, 2020, Underwood filed a "motion for leave to file an amended complaint." (Doc. 6.) He then filed an emergency motion for bail pending the disposition of his habeas corpus petition on August 24, 2020. (Doc. 7.) United States District Judge Sylvia H. Rambo construed the motion for leave to amend as a supplement to Underwood's petition and ordered both documents to be served on respondents on August 31, 2020. (Doc. 8.)

Respondent Scott Finley filed a response to the petition on September 17, 2020, and Respondent Pennsylvania Board of Probation and Parole did the same on September 21, 2020. (Docs. 9–10.) Respondent Finley argues that the petition should be denied as moot, while the board argues that the petition should be dismissed because Underwood has not exhausted his state court remedies. (*Id.*) Underwood filed traverse briefs in support of his petition on October 2, 2020 and October 21, 2020. (Docs. 14–15.) The case was reassigned to the undersigned pursuant to a verbal order on December 3, 2020, and it is now ripe for the court's disposition.

## DISCUSSION

The court will first address the argument that Underwood's petition is moot. The doctrine of mootness asks "whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 596 (3d Cir. 2010). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003)). A party's claims become moot when the party obtains all the relief that he sought in litigation. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996); *see also, e.g.*, *In re Serrano-Vargas*, 776 F. App'x 74 (3d Cir. 2019) ("[B]ecause [the

petitioner] has obtained the relief he requested, the mandamus petition will be dismissed as moot.").

In this case, Underwood's habeas corpus petition seeks a parole revocation hearing, and the Pennsylvania Board of Probation and Parole has since granted him that exact relief. (*See* Doc. 6 at 4; Doc. 10 at 3.) His petition is therefore moot. *Blanciak*, 77 F.3d at 698–99.

Although Underwood appears to assert claims for damages in the supplement to his petition, *see* Doc. 6 at 3 (alleging that Underwood "is being subjected to unlawful abuse of authority, abuse of power, bigotry, stone walling, official oppression, obstruction of justice, miscarriage of justice, constitutional and ethics violations"); *id.* at 4–5 (alleging harm caused by delay in conducting parole revocation hearing), those claims are not cognizable in a habeas corpus petition. The purpose of a habeas corpus petition is to assert that a petitioner's continued detention is unlawful. *Hope v. Warden York Cty. Prison*, 972 F.3d 310, 323–25 (3d Cir. 2020); *Leamer v. Fauver*, 288 F.3d 532, 540–42 (3d Cir. 2002). Thus, a claim that does not attack the legality of a petitioner's continued detention is not cognizable in habeas corpus. *Leamer*, 288 F.3d at 542. Accordingly, because Underwood's claim for habeas corpus relief is moot and his claims for damages are not cognizable in a habeas corpus petition, his petition will be denied as moot.

Having reached that conclusion, the court will not consider the argument that Underwood failed to exhaust state court remedies.

## CONCLUSION

For the foregoing reasons, Underwood's petition for writ of habeas corpus is denied as moot. A certificate of appealability will not be issued because no reasonable jurist could disagree with the court's decision or conclude that the issues presented "are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: December 16, 2020